UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                )
CYRUS Y. KIM,                   )   No. C08-0688JLR
                                )
                    Plaintiff,  )
        v.                      )   ORDER
                                )
CITY OF FEDERAL WAY,            )
                                )
                    Defendant.  )
_____)

This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a second "Motion for Recusal" in the above-captioned matter. Dkt. # 16. Plaintiff seeks to have the Honorable James L. Robart, United States District Judge, removed from this case. Judge Robart declined to recuse himself voluntarily and referred the matter to the Chief Judge. Dkt. # 19. Plaintiff's request is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of judges. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that

ORDER

1 | bias or prejudice exists.
A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993).

Plaintiff argues that Judge Robart's dismissal of plaintiff's claims in another case, C08-1617JLR, was the result of "incapacity as a United States judge" and "dishonesty." Dkt. # 16 at 7. Plaintiff offers his own analysis of the legal issues decided in C08-1617JLR in support of his argument that Judge Robart does not understand the governing law and should be removed from this matter. Judge Robart's statute of limitations analysis in C08-1617RSL was reasonable in light of the documents before him, however. While plaintiff clearly disagrees with the dismissal, he has identified no error of law or fact, much less a determination that was so outlandish as to give rise to an inference of bias. To the extent plaintiff disagrees with the presiding officer's decision, such issues are properly raised through an appeal, not a motion to recuse.

Where the only evidence of bias presented is the judge's prior decisions, the risk that the litigant is using the recusal motion for strategic purposes is considerable. See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913). Plaintiff neither asserts that Judge Robart is biased nor identifies an extrajudicial source of prejudice. He has therefore not met his burden of showing an appearance of bias. Because Judge Robart's impartiality cannot reasonably be questioned, plaintiff's request to remove Judge Robart from this matter is DENIED.

Dated this 22nd day of January, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court

ORDER -2-