UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYRUS KIM,

               Plaintiff,

   v.

CITY OF FEDERAL WAY,

               Defendant.

CASE NO. C08-688JLR

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION FOR SANCTIONS

## I. INTRODUCTION

Before the court are two motions: Defendant's motion for summary judgment (Dkt. # 29) and Plaintiff Cyrus Kim's motion for sanctions (Dkt. # 41). The court has reviewed the pleadings submitted in support of and in opposition to the motions and for the following reasons the court GRANTS Defendant's motion for summary judgment (Dkt. # 29) and DENIES Plaintiff's motion for sanctions (Dkt. # 41).

## II. BACKGROUND & ANALYSIS

This matter arises out of Plaintiff Cyrus Kim's decision to hit golf balls in a public park in order to reduce belly fat. (Compl. (Dkt. # 1) at 2.) On June 1, 2007, Mr. Kim was hitting golf balls in a park in Federal Way, Washington. (*Id.* at 3.) Mr. Kim was asked by park employees to cease hitting golf balls as this activity was in contravention of

ORDER – 1

Federal Way City Code ("FWCC") 11-75. (*Id.*) Mr. Kim told the employee to "[m]ind your own business." (*Id.*) Mr. Kim then went home. On June 15, 2007, Mr. Kim noticed that the park employees had posted a sign stating that "golf and archery are strictly prohibited at all times." (*Id.*) Mr. Kim wrote various letters to the Federal Way City Council ("City Council") arguing that the City ordinance prohibiting golfing in public parks was in violation of the "Ninth Amendment because the ordinance limits the fundamental right and liberty of daily exercise." (*Id.*) Mr. Kim did not receive a response to his letters.

On July 16, 2007, after finishing a jog in the park, Mr. Kim started his "body twist" exercises by hitting golf balls toward a soccer field in the park. (*Id.* at 4.) A park supervisor stopped Mr. Kim and explained that hitting golf balls in the soccer field was not allowed. (*Id.*) Mr. Kim ceased hitting golf balls. On August 29, 2007, Mr. Kim was served at his home with an order of expulsion and notice of trespass by the director of parks and was warned not to enter the park or risk being arrested and prosecuted for trespass. (*Id.* at 5.) Mr. Kim alleges that the order of expulsion and notice of trespass caused him many sleepless nights as well as abdominal pain and diarrhea. (*Id.*)

Mr. Kim brought this action against the City of Federal Way ("the City") alleging that FWCC 11-55 and 11-75 are unconstitutional. Mr. Kim seeks judgment against the City in the amount of $9,526,000 as well as damages for vicarious liability from the City Council, the director of parks, the police department, the City Manager, the City Attorney and the park employees in an amount upwards of $9,000,000. (*Id.* at 23.) The City moves for summary judgment on the basis that it did not infringe upon Mr. Kim's fundamental property or liberty interests and that FWCC 11-55 (which gives the City authority to expel a person from city parks), and 11-75 (which prohibits the playing of golf in a city park), arise from the City's permissible authority to determine that certain

ORDER – 2

activities are unsafe for its public parks and that the ordinances at issue are reasonably based upon legitimate concerns. (Mot. (Dkt. # 29) at 3.) The court agrees with the City.

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no material factual dispute and he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets its burden, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000).

In order for Mr. Kim to establish a violation of his substantive due process right, he is required to prove that the enactment of FWCC 11-55 and 11-75 was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994) (quoting *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1407 (9th Cir. 1989)). "Legislative acts that do not impinge on fundamental rights or employ suspect classifications are presumed valid, and this presumption is overcome only by a 'clear showing of arbitrariness and irrationality.'" *Kawaoka*, 17 F.3d at 1234 (quoting *Hodel v. Indiana*, 452 U.S. 314, 331-32 (1981)). In analyzing a substantive due process challenge, the court does "not require that the City's legislative acts actually advance its stated purposes, but instead look[s] to whether 'the governmental body could have had no legitimate reason for its decision.'" *Kawaoka*, 17 F.3d at 1234 (emphasis in original) (quoting *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 690 (9th Cir. 1993)).

ORDER – 3

The court first finds that there is no fundamental right implicated in the application of these ordinances to this situation. Mr. Kim does not have a fundamental right to do belly exercises in a public park utilizing a golf club and baseballs or golf balls. Nor does the court find that the mere right to be present in a public park is a fundamental right. *See Doe v. City of Lafayette*, 377 F.3d 757, 768 (7th Cir. 1995). Thus, the proper test for determining the constitutionality of the City ordinances at issue is the rational basis test. That is, whether the City, in passing FWCC 11-55 and 11-75, was acting in pursuit of permissible city objectives and, if so, whether the means adopted were reasonably related to accomplishment of these objectives. *See Reno v. Flores*, 507 U.S. 292, 295 (1993). The court is satisfied that the City's objectives, i.e., public safety in its city parks, is reasonably related to a ban on hitting golf balls in a public park. Accordingly, the court does not find that FWCC 11-75 is unconstitutional.

As for FWCC 11-55 – the ordinance permitting the City to exclude people from city parks – the court likewise finds that this ordinance is reasonably related to the City's objectives in keeping its parks safe for the residents of Federal Way who use the park in a safe and respectful manner. Accordingly, the court finds that Mr. Kim's expulsion from the city park for hitting golf balls was not a violation of any fundamental right and that the City's ordinances did not violate Mr. Kim's due process rights.

Finally, the court has considered Mr. Kim's motion for sanctions against the City based on the City's "improper purpose of motion for summary judgment." Mr. Kim claims that the City's motion was brought for the "improper purpose to harass, cause unnecessary delay and needlessly increase the cost of litigation." (Mot. (Dkt. # 41) at 1.) The court finds the opposite to be true and therefore denies Mr. Kim's motion for sanctions. The City has defended this frivolous lawsuit in a respectful and professional

ORDER – 4

manner. The City's motion for summary judgment was thoughtful, accurate, and the proper method for requesting that this matter be dismissed.[1]

### III. CONCLUSION

For the reasons stated, the court GRANTS Defendant's motion for summary judgment (Dkt. # 29) and DENIES Plaintiff's motion for sanctions (Dkt. # 41). Mr. Kim's complaint is dismissed with prejudice.

Dated this 6th day of May, 2009.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[1] The court likewise declines to comment on Mr. Kim's statements regarding defense counsel's sanity.

ORDER – 5